**MCDERMOTT WILL & SCHULTE LLP**
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Michael Wombacher (TX Bar No. 24120434)
2801 North Harwood Street
Suite 2600
Dallas, Texas 75201
Telephone: 214.295.8000
E-mail: crgibbs@mwe.com
      mhelt@mwe.com
      mwombacher@mwe.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (*pro hac vice* motion pending)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: 212-547.5400
E-mail: dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>TRICOLOR HOLDINGS, LLC, *et al*.,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 25-33487 (MVL)<br><br>(Joint Administration Requested) |

**EMERGENCY MOTION FOR ENTRY OF ORDER APPROVING
STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND VERVENT, INC.**

Anne Elizabeth Burns, solely in her capacity as the duly appointed Chapter 7 bankruptcy trustee (the "**Trustee**") for Tricolor Holdings, LLC and its various debtor affiliates (collectively, the "**Debtors**"), hereby moves (the "**Motion**") for entry of an order (the "**Order**"), on an emergency basis, approving and endorsing as an order of this Court the stipulation (the "**Stipulation**") between the Trustee and Vervent, Inc. and its applicable affiliates ("**Vervent**")

---

[1] The Debtors and their bankruptcy case numbers are: Tricolor Holdings, LLC (25-33487), TAG Intermediate Holding Company, LLC (25-33495), Tricolor Auto Group, LLC (25-33496), Tricolor Auto Acceptance, LLC (25-33497), Tricolor Insurance Agency, LLC (25-33512), Tricolor Home Loans LLC (25-33511), Tricolor Real Estate Services (25-33514), TAG California Holding Company, LLC (25-33493), Flexi Compras Autos, LLC (25-33490), TAG California Intermediate Holding Company, LLC (25-33494), Tricolor California Auto Group, LLC (25-33502), Tricolor California Auto Acceptance, LLC (25-33501), Risk Analytics LLC (25-33491), Tricolor Tax, LLC (25-33515), Tricolor Financial, LLC (25-33510), Tricolor Auto Receivables LLC (25-33498), TAG Asset Funding, LLC (25-33492), Apoyo Financial, LLC (25-33489).

attached as **Exhibit A** to the proposed order filed with this Motion. In support of this Motion, the Trustee states as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the Northern District of Texas (the "**District Court**") has original, but not exclusive, jurisdiction over the Debtors' chapter 7 cases pursuant to 28 U.S.C. § 1334(b). By the District Court's standing order of reference, this matter was referred to this Court pursuant to 28 U.S.C. § 157.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

## GENERAL BACKGROUND

4. On September 10, 2025 (the "**Petition Date**"), the Debtors commenced their chapter 7 cases by filing voluntary petitions for relief under chapter 7 of the Bankruptcy Code with this Court.

5. The Trustee was appointed on September 10, 2025.

6. Vervent is an industry-leading loan servicing company that, among other things, provides customizable loan servicing support, regulatory reporting and compliance protocols, secure fund flow and controls services, and other related services under various loan facilities across numerous industries and sectors.

7. In addition, given its experience and servicing expertise, Vervent is frequently retained by lenders, investors, and other clients to provide back-up servicer support, which means Vervent is contracted to step into the position of a primary loan servicer in the event the primary

servicer is unable to perform its contracted servicer obligations or otherwise is removed from that role following a default.

8. Here, prior to the Petition Date, Vervent was engaged as the back-up servicer under various Servicing Agreements (as defined in the Stipulation), including Servicing Agreements in which Debtor Tricolor Auto Acceptance, LLC was the primary servicer. Due to various prepetition defaults, Tricolor Auto Acceptance, LLC ("**TAA**") was terminated as servicer under certain of these Servicing Agreements prior to the Petition Date, and Vervent was appointed as successor servicer in accordance with the Servicing Agreements.

9. In its capacity as servicer, TAA would manage and service the loans and receive into various accounts identified on **Exhibit B** to the Order (the "**Collection Accounts**") funds remitted by borrowers with respect to the Receivables (as defined below). Since TAA's termination as servicer, the funds in the Collection Accounts have not been transferred as required under the Servicing Agreements and related documents.

10. TAA, along with the other applicable Debtors, are no longer operating or otherwise able to perform their obligations under the Servicing Agreements. Thus, Vervent has been working diligently with the Trustee, applicable agents and indenture trustees for the lenders and investors, and others to transition servicer duties to Vervent (including to secure the necessary records, gain collateral access, and complete other processes required for that transition), to operate as successor servicer under the Servicing Agreements, and to fund necessary and immediate servicing transition costs.

11. Vervent's ability to continue servicing the applicable loans and to otherwise provide the servicer duties under the Servicing Agreements during these cases is essential to protecting the interests of all parties and the estates, including the lenders and consumer borrowers,

as well as in allowing the Trustee to perform her statutory duties, including to secure property of the estates and to administer assets and claims.

12.    The services to be provided by Vervent as successor servicer, as set forth in more detail in the Servicing Agreements, include, without limitation, the following:

    a)    Manage, service, administer and make collections on certain loan receivables originated by the Debtors as described in the Servicing Agreements (the "**Receivables**");

    b)    Collect and consolidate funds remitted by borrowers with respect to the Receivables and respond to borrower inquiries related to the Receivables;

    c)    Collect, transport and dispose or repurpose collateral related to the Receivables, including via vehicle GPS information and repossession from Debtor-owned premises, including the utilization of the Collection Accounts in the manner consistent with the Stipulation and the Servicing Agreements;

    d)    At no expense to the Debtors' estates, investigate delinquencies related to the Receivables;

    e)    Provide collection and repossession services in the event of borrower defaults related to the Receivables;

    f)    Utilize the Debtors' brand identities and company names to accomplish the Services;

    g)    With respect to the Receivables, manage and maintain electronic and physical data of the Debtors to accomplish the Services, including via web domains owned or operated by the Debtors; and

    h)    Communicate and contract with and pay vendors, contractors, suppliers, and creditors of the Debtors or other third parties to accomplish the Services; provided that Vervent may not enter into any contracts that bind the Debtors' estates.

13.    Accordingly, following multiple discussions between the Trustee, Vervent, and other relevant parties, the Trustee seeks approval, on an emergency basis, to enter into the

Stipulation to ensure that Vervent is able to perform its services under the Servicing Agreements, including to the extent such services implicate property of the bankruptcy estates or might otherwise require modification of the automatic stay in Section 362(a) of the Bankruptcy Code. Because continuity of loan serving is critical to these cases and to the Trustee's ability to perform her statutory duties and administer the estates for the benefit of creditors, as well as to ensure compliance with applicable non-bankruptcy law, the Trustee submits that entry of the Stipulation is in the best interests of the estates and should be approved by this Court.

Dated: September 17, 2025

Respectfully submitted,

/s/ Charles R. Gibbs
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Michael Wombacher (TX Bar No. 24120434)
MCDERMOTT WILL & SCHULTE LLP
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201-1664
Tel:     (214) 295-8000
Fax:     (972) 232-3098
E-mail:  crgibbs@mwe.com
         mhelt@mwe.com
         mwombacher@mwe.com

-and-

Darren Azman (*pro hac vice* motion pending)
MCDERMOTT WILL & SCHULTE LLP
One Vanderbilt Avenue
New York, New York 10017-3852
Tel:     (212) 547-5400
Fax:     (212) 547-5444
E-mail:  dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

    I do hereby certify that on September 17, 2025, a true and correct copy of the foregoing document was served via CM/ECF for the United States Bankruptcy Court for the Northern District of Texas on all parties authorized to receive electronic notice in this.

                                        */s/ Charles R. Gibbs*
                                          Charles R. Gibbs